**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL AVENUE, SUITE C244
LITTLE ROCK, AR 72201

G. THOMAS EISELE
UNITED STATES DISTRICT JUDGE

OFFICE: (501) 604-5160
FAX: (501) 604-5167

March 13, 2008

**<u>LETTER ORDER</u>**

To:    All counsel of record
cc:    Pat.Harris@usdoj.gov

Re: *United States v. El-Beck,* Case No. 4:05-cr-00179(1) GTE

Dear Counsel,

    Mr. El-Beck's sentencing hearing is scheduled for March 20, 2008. Mr. El-Beck was convicted in October of 2006. The delay in sentencing has been due in large part to the Government's effort to include costs associated with the environmental clean-up efforts at the site in calculating loss and restitution amounts applicable in calculating Mr. El-Beck's Guideline sentencing range. Also, Mr. El-Beck apparently intends to present evidence regarding the hazardous nature of some materials submitted to Mr. El-Beck's company for incineration, contending that such materials should never have been sent in the first place. For the reasons explained in this Letter Order, it should not be necessary to devote a substantial amount of time at the sentencing hearing to the environmental issues which are secondary to Mr. El-Beck's conviction for mail fraud.

    In prior Orders, I have repeatedly stressed the need for the parties to "completely and fully disclose to each other and to the Court" their "positions with regard to the proper guideline, or other, calculation" in advance of the sentence hearing.[1] The parties have had more than ample time to present any arguments they wish to make regarding the correct calculation of the applicable Guidelines sentence. The record is now closed as to any new legal theories or documentary evidence not previously disclosed.

    In my December 3, 2007, Order, I directed counsel to submit a witness list to the Court not later than January 10, 2008, "identifying all witnesses to be called at the sentencing hearing and a summary of their anticipated testimony." The Defendant complied with this directive and identified five witnesses. The Government filed nothing. Accordingly, the Government will not be permitted

---

[1] Order filed August 1, 2007 (Docket no. 80). *See also* Order filed December 3, 2007 (Docket No. 87)("Counsel are hereby placed on notice that they may not advance a legal argument or present documentary evidence in support of same unless such was previously disclosed to the Court and opposing counsel prior to December 21, 2007.").

1

Letter to Counsel in *U.S. v. El-Beck*, Case No. 4:05-cr-00179(1)
March 13, 2008

to present witnesses at the sentencing hearing. The Court would consider making an exception[2] for Mr. Hoelscher, who was identified previously by the Government in its other filings. However, it appears that Mr. Hoelscher's testimony will not be necessary for other reasons.

    I explained previously my view that this is a simple business fraud case. Mr. El-Beck was convicted of mail and wire fraud. He was not charged with environmental crimes. The Government demonstrated at trial that Mr. El-Beck committed mail (or wire) fraud by providing the customers who paid him to incinerate their waste with a Certificate of Destruction falsely representing and certifying that the waste had been properly incinerated and destroyed. There was no proof that Mr. El-Beck set out to set up a scam operation or to harm the environment. Rather, the overwhelming evidence was that Mr. El-Beck's operation fell behind due to frequent break downs of the incinerator. Mr. El-Beck's fraudulent scheme arose as he attempted to keep his operation going. He did so by telling his customers their waste had been destroyed and accepting payments from them for the allegedly destroyed waste products. Mr. El-Beck must be punished for the fraud that he perpetrated, but this is not the forum of redress for any environmental claims.[3]

    The victims in this case are the defrauded customers, PCI, PSC and Hazchem. The Court finds that the EPA is not a victim of Mr. El-Beck's criminal conduct. The Court rejects the Government's argument that the EPA costs should be included in either the loss or restitution amounts under the Guidelines.[4] The Court will hear the Government out on any argument it wishes to make that the applicable guideline range is too low or that relevant 18 U.S.C. § 3553(a) factors

---

    [2] Allowing such an exception would be contingent upon the Government filing a motion and making a showing of excusable neglect for its total disregard of the Court's December 3rd Order.

    [3] Yesterday, the Court learned that in October of 2006, a civil judgment in the amount of $1,885,000 was entered against Mr. El-Beck by the Circuit Court of Mississippi County, Arkansas, in favor of the Arkansas Department of Environmental Quality for violation of the AR Hazardous Waste Management Act. The judgment followed a summary judgment motion to which Mr. El-Beck failed to respond. A review of the Complaint indicates that the judgment against Mr. El-Beck was based upon the manner in which he stored waste materials at the incinerator and warehouse site as well as his failure to obtain a permit to store any type of solid waste.
    The Presentence Report indicates that Mr. El-Beck was granted a Chapter 7 bankruptcy on August 25, 2004.

    [4] The Court discussed its preliminary view of these legal issues in its August 1, 2007, Order.

Letter to Counsel in *U.S. v. El-Beck*, Case No. 4:05-cr-00179(1)
March 13, 2008

support a sentence greater than the applicable Guideline range.

The Court also rejects Mr. El-Beck's argument that PCI's loss and restitution amounts should be lowered because PCI sent waste for destruction that was not eligible for incineration by Mr. El-Beck's company. The Court concludes that this issue is collateral and irrelevant to the sentencing issues before the Court. There is no legal reason for this Court to delve into the complicated and disputed issues of how to classify PCI's waste product recovered from the site, issues which are likely to require consideration of applicable state and federal environmental laws and regulations. Again, this is a simple fraud case. Mr. El-Beck received payments from PCI by falsely representing that he had destroyed the waste products submitted by PCI for incineration. Whether or not such waste products were hazardous or non-hazardous, Mr. El-Beck took the money and failed to destroy the waste products.

Regarding the proposed testimony of Paul Eveloff and Dr. Stephan T. Randag re Evelyn Eveloff's medical condition and Wally El-Beck's assistance to her, the Court accepts that Mr. El-Beck provides significant medical care to his mother-in-law as stated in the memorandum previously forwarded to the Court. The Court will permit Mr. El-Beck to make this evidentiary presentation if he wishes, although it is not necessary to do so. The Court observes that it does not believe that Ms. Eveloff's fragile medical condition alone could justify a non-imprisonment sentence in this case. Family members are usually adversely affected, sometimes seriously, by an offender's criminal conviction, but such collateral adverse impacts alone do not normally warrant a departure from the recommended Guideline sentence. Accepting Defendant's proposed evidence and representations regarding Mr. El-Beck's care-taking role as factually true and accurate, my preliminary view is that such circumstances alone should not affect the sentence in this case. However, Mr. El-Beck's attorneys will be free to argue to the contrary.

The Court is mindful of its obligation to consider the applicable Guideline range and all relevant statutory factors under 18 U.S.C. § 3553(a) to arrive at a fair and just sentence. I would like to hear from counsel whether you contend a Guideline sentence is the appropriate sentence in this case as well as any argument that you would like to make in favor of a non-Guideline sentence under any of the § 3553(a) factors. Keep in mind the introductory clause to the § 3553(a) factors, which requires the Court to impose a sentence "sufficient, but not greater than necessary" to carry out Congress' sentencing objectives.

For the reasons discussed above, there appears to be no need for the presentation of <u>any</u> testimony during the sentencing hearing, with the possible exception of Mr. Eveloff and Dr. Randag's testimony. Mr. Lassiter or Ms. Couch, please let my staff know if you still wish to present this testimony during Thursday's hearing.

I remain,

Letter to Counsel in *U.S. v. El-Beck,* Case No. 4:05-cr-00179(1)
March 13, 2008

                                                      Yours truly,

                                                      */s/ G. Thomas Eisele*
                                                    G. Thomas Eisele