**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                                                                    **PLAINTIFF**

**v.**                                            **Case No. 4:05--CR-00179(1) GTE**

**WALLY K. EL-BECK**                                                                                                                  **DEFENDANT**

## SUPPLEMENTAL SENTENCING ORDER

Mr. El-Beck came before the Court for sentencing on March 20, 2008.  The Court imposed a sentence of imprisonment of 18 months, a variance from the 33 to 41 month sentence recommended by the Sentencing Guidelines.  While the Court stated on the record many of the reasons underlying its sentencing determination, the Court issues this Order to clarify and supplement that record.

## SUPPLEMENTAL FINDINGS

While the sentencing process begins with a determination of the applicable Guidelines range, it is only the first step in the process.  Post-*Booker*, district courts are required to consider all the factors set forth in 18 U.S.C. § 3553(a) to arrive at a sentence "sufficient, but not greater than necessary" to satisfy the sentencing purposes set forth in § 3553(a)(2).  The guideline range is but one of those factors.  The Supreme Court has recognized that "[t]he sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the [Sentencing] Commission or the appeals court."  *Rita v. United States*, 127 S .Ct. 2456, 2469 (2007).  When applying the § 3553(a) factors, the sentencing judge is required to "make an individualized assessment" and in doing so "he may not presume that the Guidelines range is reasonable."  *Gall v. U.S.*, 128 S.Ct. 586, 596-97 (2007).

The Court began the sentencing process, as it always does, by computing the applicable

guideline range for the offense. The total offense level for the offense of conviction was 6. To the base offense level 14 points were added for the amount of loss. The Defendant had no prior criminal history points. Based on a total offense level of 20 and a criminal history category of I, the guideline range was 33 to 41 months.[1]  At the conclusion of the sentencing hearing, the Court held that a sentence of 18 months was a reasonable and just sentence.

For the reasons discussed below, the Court's individualized assessment is that the Guideline sentence in this particular case is not an appropriate sentence for Wally El-Beck. It is interesting to note that the Guideline sentence likely would have been reduced to an offense level of 17, with a corresponding sentencing range of 24 to 30 months, but for the fact that Mr. El-Beck elected to exercise his constitutional right to a jury trial.[2]  Does Mr. El-Beck really deserve 9 more months of imprisonment because he put the Government to its burden of proof at trial? The Court thinks not.

Defendant's counsel relied solely on the history and circumstances of the offense as justifying a less than Guideline sentence. Specifically, counsel referenced this Court's observations in its Letter Order dated March 13, 2008 regarding the circumstances of Mr. El-Beck's criminal conduct. The Court noted on the record its conclusion that there was no evidence that Mr. El-Beck set out to perpetrate a fraud, but that he did so in an effort to keep his operation financially afloat, after experiencing multiple breakdowns and interruptions in the operation of the incinerator he leased from the City of Osceola. The Court rejects the Government's suggestion that Mr. El-Beck may have profited in a personal way from the fraud.

---

[1]  If the Court had imposed a sentence within the guideline range, it would have imposed a sentence at the low end, or 33 months.

[2]  *See* U.S.S.G. § 3E1.1 (2002)(providing for a 3 point reduction for acceptance of responsibility). Defendants who go to trial are routinely denied this reduction.

The Government argued that there was no evidence to indicate that the money went back into the business, suggesting that Mr. El-Beck may have used money received from the business for personal gain or profit.  Conversely, no evidence was presented at trial or during sentencing to suggest that Mr. El-Beck profited personally from the fraud.  Rather, the evidence presented leads this Court to find that the sole object of Mr. El-Beck's fraud was to keep his business afloat.  The Court further finds that Mr. El-Beck needed and used the money received from the victims in this case in an attempt to continue the incineration operation and, hopefully, to dispose of the stored materials as agreed.   The Court is convinced that Mr. El-Beck, however unrealistic his plan may have been, was attempting to rectify the situation when the state authorities intervened and shut him down.  Such circumstances do not make Mr. El-Beck's fraud any less criminal, but they do distinguish his crimes from those of someone who devises and perpetrates a fraud for personal financial gain.

There are other factors in this case which alone would not lead the Court to impose a non-Guideline sentence, but which considered in combination and under the totality of the circumstances, point to the need for a non-Guideline sentence.  The Defendant is 64 years old and has no prior criminal convictions.  His personal history and lack of criminal history suggests that he is unlikely to recidivate.  He has lost his business and filed for personal bankruptcy.  Mr. El-Beck has already suffered greatly as a result of his fraud.  The record reflects that before becoming involved in this disastrous incinerator project, Mr. El-Beck was a law abiding citizen, proud of his American citizenship, and one who took advantage of the opportunities this nation provides to immigrants who are willing to work hard.

The Court is also influenced to a degree by the evidence that Mr. El-Beck is the primary

and willing care-giver for his mother-in-law, Vivian Eveloff. Dr. Randag submitted a letter[3] detailing the fact that Mr. El-Beck performs a "very substantial portion of her nursing care" and that such care is critical to her well-being. Additionally, Vivian Eveloff's letter eloquently explains the importance to her of the care her son-in-law provides and her fondness for Mr. El-Beck.[4] The Court noted in its Letter Order that Ms. Eveloff's fragile medical condition alone would not justify a non-imprisonment sentence in this case, despite the fact that Mr. El-Beck's incarceration is likely to impose a grave hardship on his family. This does not mean such evidence is irrelevant. Mr. El-Beck's willingness to care for his mother-in-law and the consistent manner in which he has provided such care over a long period of time bear upon his characteristics as a human being. It further bolsters the Court's conclusion that there is no need to impose a lengthy sentence to protect the public from further crimes of Mr. El-Beck.[5]

## CONCLUSION

While the Court concludes that a non-imprisonment sentence would be too lenient, it further concludes that the recommended Guideline sentence is greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). The Court concludes that an eighteen month sentence of imprisonment, to be followed by a two year period of supervised release, constitutes a fair, reasonable and just sentence for the offenses of conviction. That sentence will be imposed

---

[3] *See* Letter dated November 17, 2006, attached to Mr. El-Beck's sentencing brief, docket # 70.

[4] This letter is also attached to Mr. El-Beck's sentencing brief, docket # 70.

[5] Judging by the voluminous correspondence the Court has received, many citizens in the Osceola area continue to support Mr. El-Beck and feel he has been unjustly treated. They point to the actions of others such as the generators of the waste and local political considerations. They seek further investigations. Of course, they have every right to pursue such matters with the appropriate regulatory and law enforcement agencies, but such matters can not be considered by the Court in making its sentencing decisions.

on each count of conviction with each such sentence to run concurrent with one another.

     IT IS SO ORDERED this  21st    day of March, 2008.

                                               _/s/Garnett Thomas Eisele_____  
                                               UNITED STATES DISTRICT COURT