**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                    **Case No. 4:05--CR-00179(1) GTE**

**WALLY K. EL-BECK**                                                                        **DEFENDANT**

### ORDER EXTENDING REPORTING DATE

    Before the Court is the Defendant's Motion to Extend Reporting date filed April 17, 2008.  Under the prior Order of the Court, Mr. Wally K. El-Beck is to self-report to the institution designated by the Bureau of Prisons by 2:00 p.m.on April 28, 208.  Defendant's motion requests a "reasonable extension" of the reporting date to allow Mr. El-Beck to continue caring for Mrs. Vivian Eveloff, his mother-in-law.  Mrs. Eveloff is presently 93 years of age.

    The motion is supported by an Affidavit of Dr. Steven Randag, dated April 3, 2008, and by a detailed letter from Mr. Paul Eveloff, dated April 14, 2008.  Dr. Randag states that he is the personal primary care physician for Mrs. Vivian Eveloff and has served in that capacity since 2005.  As such he is responsible for all of her medical care and treatment.  Dr. Randag's Affidavit refers to his earlier letter to this Court dated March 13, 2008.  He states in his Affidavit that Mrs. Eveloff's condition is severely deteriorating.  She requires blood transfusions on an ongoing basis with increasing frequency due to her declining condition.  He states that for various reasons these sustaining transfusions will ultimately have to be terminated.  He states also that "the conditions of Mrs. Eveloff are not expected to improve and that the current medical conditions from which she suffers will result in her death."  And, "that the opportunity for aggressive care and management of her conditions will end in the foreseeable future."  Thereafter passive care will be required to provide her with comfort, hydration and sustenance.  He further

- 1 -

states that with the onset of passive care the deterioration of her medical condition will accelerate rapidly.  Dr. Randag further states his opinion that the preferable manner to handle the "remaining aggressive care and passive care" is that it be administered by a family member in the home.  He concludes by opining that it is in Mrs. Eveloff's best interest to be cared for by Mr. El-Beck in her remaining days.

Mr. Paul Eveloff's letter to the Court details the complexity of the management of Mrs. Eveloff's various medical conditions and particularly the critical role that Mr. Wally El-Beck has had over the years and currently in caring for his mother-in-law.  It appears that Mr. Paul Eveloff lives in Ross, California.  His sister is Mr. El-Beck's wife.  Mr. El-Beck and his wife live with Mrs. Eveloff.  However, Mr. El-Beck's wife is not able alone to deal with her mother's complex medical problems and other needs.   Mr. Paul Eveloff points out that the use of paid care takers is not adequate under the circumstances.  He states that "they are not licensed or permitted to do what Wally does – to adjust her oxygen and breathing, to administer any of her multiple medications and insulin shots, to respond to rapid changes in her blood pressure and pulse, [to] level [off] over or under hydration (which causes severe swelling and/or edema) . . ."  The hired care givers can not, according to Mr. Eveloff, "administer medications or treatments and are not trained to understand or evaluate their patients medical conditions."  Further, Mr. Eveloff points out that "they cannot administer any emergency medical care and are not allowed to drive patients to receive emergency care."

The Government in its response agrees that some additional time to report is reasonable, but objects to an indefinite extension of the reporting date.  The Government further suggests that arrangements can and should be made to find someone other than Mr. El-Beck who can care for Ms. Eveloff.

The Court accepts that Mr. Wally El-Beck is providing the care and services as documented and further finds that such care and services very much in the best interest of his mother-in-law, Vivian Eveloff.  Nevertheless, the Court acknowledges that the circumstances of Mrs. Eveloff's medical problems are not atypical of those experienced by the families of other person who are sentenced in federal court for violations of federal criminal laws.  It is also likely that seriously ill family members of many of those persons sentenced to prison terms do not have the resources that Mrs. Eveloff has.  Nevertheless, on balance, the Court concludes that a reasonable extension of the reporting date is warranted.  The Defendant, Wally El-Beck will be ordered to report to the institution designated by the Bureau of Prisons by 2:00 p.m. on June 2, 2008.  This short extension will provide Mrs. Eveloff's family members the opportunity to make the necessary arrangements to deal with the absence of Mr. Wally El-Beck.

IT IS THEREFORE ORDERED that Defendant's Motion to Extend Reporting Date (Docket No. 101) be, and it is hereby, GRANTED.  The Defendant, Wally El-Beck, shall report to the institution designated by the Bureau of Prisons by 2:00 p.m. on **Monday, June 2, 2008.**  All other orders of the Court remain the same.

IT IS SO ORDERED this  23rd   day of April, 2008.

  /s/Garnett Thomas Eisele  
UNITED STATES DISTRICT COURT